Charles D. Naylor, Esq., (SBN 62243)
LAW OFFICES OF CHARLES D. NAYLOR
A Professional Corporation
11 Golden Shore, Suite 350
Long Beach, California 90802
Telephone: (310) 514-1200
Facsimile: (310) 514-1837
E-Mail: cnaylor@naylorlaw.com

Attorney for Plaintiff,
BARBARA J. RUFF

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA J. RUFF,<br><br>   Plaintiff,<br><br>   v.<br><br>CRYSTAL CRUISES, LLC;<br><br>   Defendant. | Case No.: 2:19-cv-6592<br><br>**COMPLAINT FOR DAMAGES FOR PERSONAL INJURIES; DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, BARBARA J. RUFF, (hereinafter "Plaintiff") and for a cause of action against the defendant, complains and alleges as follows:

**JURISDICTION AND VENUE**

1.   This is an action for damages for personal injuries, the value of which exceeds this Court's minimum jurisdictional requirements, to wit, $75,000.00, exclusive of all interest and costs.  The injury giving rise to this action occurred while plaintiff was a fare paying passenger aboard a cruise ship operating on navigable waters.  This Court has Jurisdiction under 28 U.S.C. § 1332 as well as under the general maritime law of the United States.

Venue is based on the forum selection clause included in the terms of defendant's passage contract.

## GENERAL ALLEGATIONS

2. At all times herein material defendant, CRYSTAL CRUISES, LLC, was a limited liability company with its principal place of business in the state of California, the County of Los Angeles and this judicial district.

3. At all times herein material, Plaintiff was and is a resident of the State of Florida and the County of Palm Beach.

4. At all times herein material Defendants, and each of them, owned, operated, maintained, controlled and inspected the CRYSTAL SERENITY (hereinafter "vessel"), a foreign flag passenger cruise vessel which defendant utilized to transport fare paying passengers on cruises on navigable waters of the United States and on the high seas.

5. Prior to the departure date, Plaintiff purchased a ticket for a cruise aboard the vessel with a scheduled departure from Dover, England on July 27, 2018, and disembarkation at Monte Carlo on August 12, 2018.

6. On or about August 6, 2018, Plaintiff was aboard the vessel as a fare paying passenger and was attempting to make use of an above deck level jacuzzi located on the lido deck. Ms. Ruff went up the stairs to the jacuzzi on the right side of the center handrail. Just prior to the incident, she was standing on the teak deck (also the top step of the stairs) with her left hand on the center handrail, with both feet on the deck. The deck where she was standing was wet with what appeared to be water. She intended to test the temperature of the water with her right foot before getting in. To do so, she raised her right foot and extended it toward the water. Before her right foot reached the water, her left foot slipped causing her to fall backwards. She was unable to maintain her grip on

the handrail and fell all the way down to the bottom of the stairway, sustaining serious injuries including fracturing her neck at C-2.

7.     As a direct and legal result of the incident alleged herein Plaintiff, was hurt and injured in her health, strength and activity, sustaining severe physical injury to her body, including but not limited to the injuries describe above, and shock and injury to her nervous system and person, all of which injuries have caused and continue to cause physical and emotional pain and suffering. Plaintiff is informed and believes, and thereupon alleges that some or all of the injuries will result in permanent damage, disability, pain and suffering, causing general damages in an amount within the jurisdictional requirements of this court.

8.     As a further direct and legal result of the incident herein alleged, it was and continues to be necessary for Plaintiff to receive medical and/or psychological care and treatment.  Plaintiff is informed and believes and thereon alleges that such care and treatment will be so necessary for an indefinite time in the future.  The cost of medical and/or psychological care and treatment is not known at this time and plaintiff alleges as damages herein the amount of such cost according to proof at trial.

9.     As a further direct and legal result of the incident herein alleged, Plaintiff was prevented from attending her usual occupation for a period of time, and has been impaired in the performance of her work to the present time, and is informed and believes and thereon alleges that she will continue to be so prevented for an indefinite period of time in the future, thereby resulting in a loss of earnings and earning capacity, the exact amount of which is unknown at this time.  Plaintiff alleges as damages herein the amount of such loss of earnings and earning capacity in an amount according to proof at trial.

# FIRST CAUSE OF ACTION AGAINST DEFENDANT

## (Negligence-General Maritime Law)

10. Plaintiff re-alleges and incorporates hereby by reference Paragraphs 1 to 9, inclusive, of the Jurisdiction, Venue and General Allegations of this Complaint as though the same were fully set forth.

11. As the owner and operator of the vessel, Defendant owed Plaintiff a duty to exercise reasonable care under the circumstances to avoid causing her personal injuries. Defendant had a further duty to warn Plaintiff of any dangerous conditions which were known to Defendant or could have been known to Defendant by reasonable inspection.

12. Defendant breached its duty of care to Plaintiff by inter alia;

   a. By causing and/or allowing the stairway to the jacuzzi to be constructed and maintained with too steep an angle, considering the material is was constructed of, the size and configuration of its handrails and its proximity to the jacuzzi;

   b. By causing and/or allowing the stairway handrails to the jacuzzi to be constructed and maintained with too large of an outside diameter, considering the steepness of the stairway, the configuration of the handrails and their proximity to the jacuzzi;

   c. By casing and/or allowing the jacuzzi perimeter walkway to be too narrow, configured incorrectly, and to be constructed of materials that contributed to it becoming slippery and unsafe;

   d. By causing and/or allowing the jacuzzi to be constructed and maintained without at least one handrail extending from the perimeter walkway into the jacuzzi.

    e.    By failing to adequately inspect, clean and maintain the jacuzzi perimeter walkway, which was also the top step of the stairs, so that it was allowed to become slippery;

    f.    By failing to take appropriate remedial action; and,

    g.    By failing to effectively warn Plaintiff of the dangerous condition of the jacuzzi aboard the CRYSTAL SERENITY on the Lido deck;

13.    As a direct and legal result of defendants' breach of a duty of care owed to Plaintiff, Plaintiff was injured and suffered damages as aforesaid.

## PRAYER

WHEREFORE, Plaintiff prays for damages against defendants, and each of them, as follows:

1.    For general damages according to proof;

2.    For medical expenses, past and future, according to proof;

3.    For prejudgment interest;

4.    For costs of suit; and,

5.    For other such relief as the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff BARBARA J. RUFF hereby demands trial by jury of the above-captioned matter.

///

///

///

Dated: 7/30/2019

LAW OFFICES OF
CHARLES D. NAYLOR

By: */s/ Charles D. Naylor*
Charles D. Naylor, Esq.
Attorney for Plaintiff,
BARBARA J. RUF